HONORABLE  LONNY R. SUKO

1

2   J. Michael Keyes
    Theresa L. Keyes
3   PRESTON GATES & ELLIS LLP
4   601 West Riverside Avenue, Suite 1400
    Spokane, WA 99201-0628
5   Telephone: (509) 624-2100
6   Facsimile: (509) 456-0146

7   Attorneys for Defendants

8
    Mona Sedky Spivack, DC #447968
9   J. Ronald Brooke, Jr., MD #0202280002
10  Federal Trade Commission
    600 Pennsylvania Ave., NW, Room 238
11  Washington, D.C. 20580
12  (202) 326-3795 (Spivack)
    (202) 326-3484 (Brooke)
13  (202) 326-3395 (Facsimile)

14
    Attorneys for Plaintiff
15

16            **UNITED STATES DISTRICT COURT**
17            **EASTERN DISTRICT OF WASHINGTON**

18

19  | Federal Trade Commission, | |
    |---|---|
20  |                    Plaintiff, | |
    | v. | No. 05-CV-0069-LRS |
21  | MaxTheater, Inc., a Washington | Stipulated Final Order for |
22  | corporation, and | Permanent Injunction and |
    | Thomas L. Delanoy, individually and | Other Equitable Relief |
23  | as an officer of MaxTheater, Inc., | |
24  |                    Defendants. | |

25

26

Stipulated Final Order

1

2

3    Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"),

filed its complaint for injunctive and other equitable relief in this matter pursuant

4    to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

5    § 53(b), and moved <u>ex parte</u> for a temporary restraining order and for an order to

6

7    show cause why a preliminary injunction should not be granted pursuant to Rule

8    65(b) of the Federal Rules of Civil Procedure.  The Court granted the FTC's

9    motion and entered a Temporary Restraining Order ("TRO") and Order to Show

10

11    Cause against defendants Thomas L. Delanoy and MaxTheater, Inc. on March 8,

12    2005.  The Commission and the defendants, by and through their counsel,

13    stipulated to the entry of a Stipulated Preliminary Injunction, which was entered

14

15    by the Court on March 31, 2005.  The Commission and the defendants, by and

16    through their counsel, hereby stipulate to the entry of and request the Court to

17    enter this Stipulated Final Order for Permanent Injunction and Other Equitable

18

19    Relief ("Order"), to resolve all matters of dispute between them in this action.  **IT**

20    **IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

21        1.        This Court has jurisdiction over the subject matter of this case,

22

23                and there is good cause to believe that it will have jurisdiction over

24                all parties hereto;

25

26

Stipulated Final Order            Page 2 of 20

2.        The facts that the FTC has stated in its complaint, if true, would state a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b);

3.        The defendants have entered into this Order freely and without coercion, and the defendants acknowledge that they have read the provisions of this Order and are prepared to abide by them;

4.        The plaintiff and the defendants, by and through their counsel, have agreed that the entry of this Order resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Order. This Order, however, shall have no preclusive effect as to any action brought by any other state or federal law enforcement agency;

5.        By stipulating to this Order, defendants do not admit liability in this matter;

6.        The defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. The defendants further waive and release any claim they may have against the Commission, its employees, representatives, or agents;

7.          The defendants agree that this Order does not entitle the

defendants to seek or to obtain attorneys' fees as a prevailing party

under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended

by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and the defendants

further waive any rights to attorneys' fees that may arise under said

provision of law; and

8.          Entry of this Order is in the public interest.


## DEFINITIONS

For the purpose of this Order for Permanent Injunction and Other Equitable

Relief ("Order"), the following definitions shall apply:

A.          "Affiliate marketer" or "sub-affiliate marketer" means any

person who provides or has provided the defendants with, or

who refers or has referred to the defendants, actual or potential

customers, whether pursuant to the defendants' "Affiliate

Program" or otherwise.

B.          "Defendants" means MaxTheater, Inc. and Thomas L. Delanoy

also doing business as "SpywareAssassin,"

"SpywareAssassin.com," "CCSecured" and "CCSecured.com,"

"DermCloth," "Profit Installer Pro," "Software Prowler,"

"2Templates," "NT Ventures," "Add Linking," "Rocket Bidz,"

"Discuss.cc," "Travel-intl.com," and their successors and

assigns.

C.     "Document" is synonymous in meaning and equal in scope to

the usage of the term in Federal Rule of Civil Procedure 34(a),

and includes writing, drawings, graphs, charts, Internet sites,

Web pages, Web sites, electronic correspondence, including e-

mail and instant messages, photographs, audio and video

recordings, computer records, whether active or inactive, and

any other data complications from which information can be

obtained and translated, if necessary, through detection devices

into reasonably usable form.  A draft or non-identical copy is a

separate document within the meaning of the term.

D.     "Plaintiff" means Federal Trade Commission.

E.     "Spyware," solely for purpose of this Order, has the meaning

ascribed to it by the defendants in their marketing media and

includes "adware" and other programs that "secretly install on

your computer without your permission or

knowledge" and may cause "pop ups," banner advertisements, and other extraneous ads, send "spam" e-mail messages, hijack search engine links or home pages, track online activity, allow others to remotely access a computer, record private information or steal passwords.  It also includes "adware, keyloggers, trojans, hijackers, dialers, viruses, spam, and general ad serving."

F.      ""Anti-spyware' product" means any product, however denominated, including but not limited to "SpywareAssassin," that does or purports to identify, monitor, remove, block, or otherwise  prevent spyware from residing on a computer.


## CONDUCT PROHIBITIONS

## I.

**IT IS THEREFORE ORDERED** that defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from engaging, participating, or assisting others in any capacity whatsoever, in the advertising, promoting, marketing, offering, providing, selling or offering for sale

of any "anti-spyware" product or service.

## II.

**IT IS FURTHER ORDERED** that defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from engaging, participating, or assisting others in any capacity whatsoever, in the downloading or installing of spyware onto consumers' computers.

## III.

**IT IS FURTHER ORDERED** that, in connection with advertising, promoting, marketing, offering, providing, selling or offering for sale any product or service, defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or indirectly, expressly or by implication, any material false or misleading representation.

## MONETARY JUDGMENT AND CONSUMER REDRESS

## IV.

**IT IS FURTHER ORDERED** that:

A.      Judgment is entered against defendants Thomas L. Delanoy and MaxTheater, Inc. in the amount of seventy-six thousand dollars ($76,000) for consumer redress, which amount shall be transferred from the escrow account that was established pursuant to the stipulated Preliminary Injunction.  This amount shall be paid to the Federal Trade Commission within five (5) days after the date of entry of this Order by wire transfer in accord with directions provided by the Commission no later than five (5) days after the date of entry of this Order.

B.      All funds paid pursuant to the Order shall be deposited into an account administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the defendants' practices alleged in the complaint.  Any funds

not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. The defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. The defendants shall have no right to contest the manner of distribution chosen by the Commission.

C.      The FTC and the defendants acknowledge and agree that no portion of this judgment for equitable relief shall be deemed a fine, penalty, punitive assessment or forfeiture.

D.      The defendants relinquish all dominion, control and title to the funds paid into the account established pursuant to this Order, and all legal and equitable title to funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. The defendants shall make no claim to or demand for the return of funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any defendant, the defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

E.      Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order.

## COMPLIANCE MONITORING

## V.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.     Within 10 (ten) days of receipt of written notice from a representative of the Commission, the defendants each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.     posing as consumers and suppliers to: defendants' employees, or any other entity managed or controlled in

whole or in part by defendants, without the necessity of

identification or prior notice; and

C.      Defendants shall permit representatives of the Commission to

interview any employer, consultant, independent contractor, representative, agent,

or employee who has agreed to such an interview, relating in any way to any

conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible

things, testimony, or information relevant to unfair or deceptive acts or practices in

or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING BY DEFENDANT

## VI.

**IT IS FURTHER ORDERED** that, in order that compliance with the

provisions of this Order may be monitored:

A.      For a period of five (5) years, from the date of entry of this

Order,

1.   Individual defendant Thomas Delanoy shall notify the

Commission of the following:

a.   Any changes in residence, mailing addresses, and

telephone numbers of the individual defendant,

within ten (10) days of the date of such change;

b.   Any changes in employment status (including

self-employment) of the individual defendant, and

any change in the ownership of the individual

defendant in any business entity, within ten (10)

days of the date of such change.  Such notice shall

include the name and address of each business that

the individual defendant is affiliated with,

employed by, creates or forms, or performs services

for; a statement of the nature of the business; and a

statement of the individual defendant's duties and

responsibilities in connection with the business or

employment; and

c.   Any changes in the individual defendant's name or

use of any aliases or fictitious names in conducting

business; and

2.     The defendants shall notify the Commission of any

changes in corporate structure of the corporate defendant

MaxTheater, Inc., or any business entity that the

individual defendant directly or indirectly controls, or has

an ownership interest in, that may affect compliance

obligations arising under this Order, including but not

limited to a dissolution, assignment, sale, merger, or other

action that would result in the emergence of a successor

entity; the creation or dissolution of a subsidiary, parent,

or affiliate that engages in any acts or practices subject to

this Order; the filing of a bankruptcy petition; or a change

in the corporate name or address, at least thirty (30) days

prior to such change, ***provided*** that, with respect to any

proposed change in the corporation about which any

defendant learns less than thirty (30) days prior to the

date such action is to take place, defendant(s) shall notify

the Commission as soon as is practicable after obtaining

such knowledge.

B.          One hundred eighty (180) days after the date of entry of this Order, defendants each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.   For the individual defendant Thomas Delanoy:

    a.   The then-current residence address, mailing addresses, and telephone numbers of the individual defendant;

    b.   The then-current employment and business addresses and telephone numbers of the individual defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the individual defendant for each such employer or business; and

    c.   Any other changes required to be reported under subparagraph A of this Section.

2.   For all the defendants:

    a.   A copy of each acknowledgment of receipt of this

Order obtained by the defendant pursuant to

Paragraph VIII of this Order; and

b.    Any other changes required to be reported under

subparagraph A of this Section.

C.        For the purposes of this Order, the defendants shall,

unless otherwise directed by the Commission's authorized representatives, mail all

written notifications to the Commission to:

> Associate Director for the Division of Enforcement
> Federal Trade Commission
> 600 Pennsylvania Ave. NW
> Washington, DC 20580
> Re: <u>FTC v. MaxTheater, Inc. and Thomas Delanoy</u>, (Civil
> Action No. 05-CV-0069-LRS, E.D. Wash.)

D.        For purposes of the compliance reporting and monitoring

required by this Order, the Commission is authorized to communicate directly with

the defendants, and likewise, defendants are not precluded from having legal

representation and counsel present regarding the same.


**RECORD KEEPING PROVISIONS**

**VII.**

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the

date of entry of this Order, the defendants, where they are directly or indirectly engaged in the business of advertising, marketing, or selling goods or services via the Internet, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

      A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

      B.     Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

      C.     Customer files containing the names, addresses, phone numbers, dollar amounts  paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

      D.     Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or

requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, including but not limited to websites, Internet web-based html "pop up" advertisements and Internet banner advertisements; and all instant messages and e-mail messages related to marketing; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraphs VIII and IX, and all reports submitted to the FTC pursuant to Paragraph VI of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## VIII.

**IT IS FURTHER ORDERED** that the defendants shall immediately provide a copy of this Order to current personnel and to each affiliate marketer, sub-affiliate marketer, affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse and representative of the defendants, and shall, within five (5) days from the date of entry of this Order, provide the Commission with a sworn statement that the defendants have complied with this provision of the Order,

which statement shall include the names and physical addresses, and e-mail

addresses of each such person or entity who received a copy of the Order.

**Provided further,** that, for a period of five (5) years from the date of entry

of this Order, the defendants shall deliver copies of the Order as directed below:

A.      Defendants as Control Persons:  For any business the

defendants directly or indirectly control, or in which the defendants have a majority

ownership interest, the defendants shall deliver a copy of this Order to all

principals, officers, directors, and managers of that business.  The defendants shall

also deliver copies of this Order to all employees, agents, and representatives who

engage, if ever, in conduct related to the subject matter of this Order.  For new

personnel, delivery shall occur prior to the new personnel assuming their

responsibilities.

B.      Defendants as Employees or Non-Control Persons:  For any

business where the defendants are not controlling persons of a business but are

otherwise directly or indirectly engaged in the business of advertising, marketing or

selling goods or services via the Internet, the defendants shall deliver a copy of this

Order to all principals and managers of such business.

The defendants must secure a signed and dated statement

acknowledging receipt of the Order within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

### IX.

**IT IS FURTHER ORDERED** that each of the defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

1

2

## RETENTION OF JURISDICTION

3

## X.

4

5

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction

6

of this matter for all purposes.

7

8

**IT IS SO ORDERED,**

9

Dated this ___6th___ day of ___December_____, 2005, at __9:30__ a.m.

10

11

_____s/Lonny R. Suko_____

12

United States District Judge

13

Stipulated and agreed to by:

14

*Tom Delanoy*

15

Thomas L. Delanoy, Defendant                    Dated: __10/11/05__

16

*Tom Delanoy, CEO*

17

MaxTheater, Inc., Defendant                      Dated: __10/11/05__

18

19

_____              Dated: __10-11-05__

20

J. Michael Keyes

21

Attorney for Defendants
Thomas L. Delanoy and MaxTheater, Inc.

22

_____              Dated: __10/10/05__

23

Mona Sedky Spivack (DC #447968)

24

Attorney for Plaintiff

25

Federal Trade Commission

26

Stipulated Final Order                    Page 20 of 20

CERTIFICATION OF SERVICE

I hereby certify that on the 29th day of November, 2005, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF System which will

send notification of such filing to the following:

>   J. Michael Keyes
>   Theresa L. Keyes
>   PRESTON GATES & ELLIS LLP
>   601 West Riverside Avenue, Suite 1400
>   Spokane, WA 99201-0628

DATED this the 29th day of November, 2005.

>   By      s/ J. Ronald Brooke Jr.
>           J. Ronald Brooke, Jr., (MD #0202280002)
>           Mona Sedky Spivack (DC #447968)
>           Attorneys for Plaintiff
>           Federal Trade Commission